IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHERYL PRIDGEN<br>　　Plaintiff,<br>v.<br><br>TRANSAMERICA PREMIER LIFE<br>INSURANCE COMPANY<br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL

Defendant Transamerica Premier Life Insurance Company ("Transamerica") removes this action to this Court pursuant to 28 U.S.C. § 1441 and respectfully shows as follows:

### I.   BACKGROUND

1. On April 26, 2016, Cheryl Pridgen ("Pridgen" or "Plaintiff") filed an Original Petition and thereby commenced in the 156th Judicial District Court of Aransas County, Texas, the action styled *Cheryl Pridgen v. Transamerica Premier Life Insurance Company* bearing Cause No. A-16-0115-CV-B (the "State Court Action").

2. On July 13, 2016 Pridgen filed a First Amended Petition in the State Court Action. Transamerica was served with the First Amended Petition on July 25, 2016 and filed a timely Answer on August 23, 2016. Transamerica has never been served with the Original Petition filed by Pridgen.

### II.   REMOVAL IS TIMELY

3. Pursuant to 28 U.S.C. § 1446(b), Transamerica's removal of this action is timely. Transamerica was first made aware of the State Court Action when it was formally served with the First Amended Petition and state court citation on July 25, 2016. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt by

Transamerica of a copy of the initial pleading and citation setting forth Plaintiff's claim for relief.

### III.     GROUNDS FOR REMOVAL

**Removal is Proper Under 28 U.S.C. § 1332**

4.     The State Court Action may be removed to this Court under 28 U.S.C. § 1441(a) because this Court has diversity jurisdiction over the claims and relevant parties. Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**A.     Plaintiff and Defendants Are Completely Diverse.**

5.     In the First Amended Petition, Plaintiff alleges that she resides in Rockport, Texas, which is a city in Aransas County, Texas. Thus, for purposes of removal, Plaintiff is a citizen of Texas for purposes of determining diversity jurisdiction.

6.     Transamerica is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa. Thus, Transamerica is a citizen of Iowa for purposes of determining diversity jurisdiction.

7.     Given that Plaintiff is a citizen of Texas and Defendant is a citizen of Iowa, there is complete diversity of citizenship between Plaintiff and Defendant.

**B.     The Amount in Controversy Exceeds $75,000.**

8.     In this case, the amount in controversy exceeds $75,000, exclusive of interest and costs. Where a petition does not include a demand for a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy equals or exceeds the jurisdictional amount." *Berniard v. Dow Chemical Co.*, 481 Fed. App'x 859, 862 (5th Cir. 2010).

9.     In the Fifth Circuit, a defendant who is served with a pleading requesting an

indeterminate amount of damages has two options. The defendant may either remove the case immediately if it can reasonably conclude that the amount in controversy exceeds $75,000.00, or the defendant may wait until the plaintiff expressly pleads that the amount in controversy exceeds that amount or serves some "other paper" indicating that the amount in controversy exceeds that amount. *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161-63 (5th Cir. 1992). If the defendant chooses to remove the case immediately, the federal court may, in determining the amount in controversy, (i) look to the defendant's removal papers, (ii) make an independent appraisal of the amount of the claim or suggest that the defendant is free to do so, or (iii) remand the case. *Id.* at 163, n. 6. The court may also apply common sense to conclude that the minimum jurisdictional amount is met. *See Allan v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (holding that "[a] court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [$75,000.]").

10. Here, the First Amended Petition specifically alleges that Plaintiff seeks "monetary relief of over $20,000 but not more than $100,000." In addition, the First Amended Petition appears to assert a claim for accidental death benefits on a policy valued at "$47,109.48." This claim combined with Plaintiff's request for attorney's fees, prejudgment and post-judgment interest and costs of court demonstrates the amount in controversy exceeds $75,000. Thus, the face of Plaintiff's pleading demonstrates this case is removable.

11. Common sense also suggests that if Plaintiff is seeking policy limits of $47.109.48 plus attorney's fees, court costs and interest the amount in controversy will exceed $75,000.00. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (confirming statutorily allowed attorney's fees are included as part of the amount in

controversy); *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) (same but as to statutory penalties and punitive damages). Accordingly, the amount in controversy is at least $75,000 and federal diversity jurisdiction exists.

### IV. VENUE IS PROPER IN THIS DISTRICT

12. Removal is proper to the United States District Court for the Southern District of Texas, Corpus Christi Division because this Court presides over the district and division where the State Court Action was filed (Aransas County, Texas). 28 U.S.C. § 1441(a).

### V. REMOVAL DOCUMENTS

13. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, attached to this Notice of Removal is an Index of all matters being filed with this Notice of Removal, which includes the following documents[1]:

> Exhibit 1:   Plaintiff's Original Petition in the State Court Action;
>
> Exhibit 2:   Plaintiff's First Amended Petition;
>
> Exhibit 3:   Defendant's Original Answer and Special Exceptions;
>
> Exhibit 4:   Docket Sheet;
>
> Exhibit 5:   List of all parties and counsel of record.

14. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Removal will be served on counsel for Plaintiff, and a true and correct copy of this Removal (without exhibits) will be filed with the Clerk for the 156h District Court of Aransas County, Texas.

### VI. RELIEF REQUESTED

15. For the foregoing reasons, Defendant respectfully requests that the Court make such orders and take such actions as may be necessary in connection with the removal of the

---

[1] At the time of this removal no orders or executed process have been entered in the State Court Action.

State Court Action to the United States District Court for the Southern District of Texas, Corpus Christi Division, and that Defendant have such other and further relief, both general and special, at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

/s/ *Jason R. Bernhardt*
Jason R. Bernhardt
Texas State Bar No. 24045488
jbernhardt@winstead.com
WINSTEAD PC
600 Travis, Suite 1100
Houston, Texas 77002
Telephone: (713) 650-8400
Facsimile: (713) 650-2400
**ATTORNEYS FOR DEFENDANT TRANSAMERICA PREMIER LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2016, a true and correct copy of foregoing was forwarded to all counsel of record by certified mail and electronic filing pursuant to the Federal Rules of Civil Procedure.

/s/ *Jason R. Bernhardt*
Jason Bernhardt
